IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MELVIN CLINE CAULEY,
:
Plaintiff
:
vs.
:
STATE OF GEORGIA, *et al.*,
: NO. 5:10-CV-279 (CAR)
:
Defendants : **O R D E R**

Plaintiff **MELVIN CLINE CAULEY**, an inmate Macon State Prison in Oglethorpe, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee. Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward payments to the Clerk of this Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). The Clerk of Court is directed to send a copy of this order to the business manager of the Macon State Prison.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be

liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## *II. BACKGROUND*

Plaintiff alleges that he was "falsely arrested" in Peach County, Georgia. Plaintiff alleges no facts in support of his false arrest claim other than the defendant officers arrested plaintiff because "he did not fit in" and the officers' testimony "shows the plaintiff [was] placed under false arrest." At the time of his arrest, plaintiff allegedly had in his possession $1,230.00 in cash, a Seiko watch, gold necklace, gold money clip, several chains, and a gold ring, which items were confiscated and never returned. Plaintiff additionally claims that, following his conviction, a new trial was ordered and "the District Attorney dismissed the charges."

Because plaintiff neglected to include any dates whatsoever in his complaint, the Court consulted the Georgia Department of Corrections' website. According to it, plaintiff has been

3

arrested at least three times since 1989, the latest being in 2003. Moreover, plaintiff has been confined in state prison since March 4, 2004.

Plaintiff sues the following defendants: Officer Ken Dixon, Officer Calvin Clark, the State of Georgia, Governor Sonny Perdue, and the Fort Valley Police Department.

## III. DISCUSSION

The only conduct about which plaintiff complains occurred outside the statute of limitations. The length of the statute of limitations for filing a section 1983 claim is controlled by state law. ***Wilson v. Garcia***, 471 U.S. 261 (1985). In Georgia, the proper limitations period for a section 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33. ***Williams v. City of Atlanta***, 794 F.2d 624, 626 (11th Cir. 1986); *see also **Brown v. Lewis***, 361 F. App'x. 51 (11th Cir. Jan. 12, 2010) (discussing statute of limitations applicable to false arrest and malicious prosecution claims in Georgia).

Although state law determines the applicable statute of limitations period for claims under section 1983, federal law determines the date of accrual. ***Rozar v. Mullis***, 85 F.3d 556, 561 (11th Cir. 1996). Under section 1983, a claim accrues when the plaintiff knows or has reason to know that he was injured, and he is or should be aware who injured him. *Id*. at 562; ***Mullinax v. McElhenney***, 817 F.2d 711, 716 (11th Cir.1987).

Plaintiff's complaint form is dated July 26, 2010, and plaintiff has been incarcerated since 2004. His claims are therefore barred by the two-year statute of limitations.

The instant lawsuit additionally appears to be precluded by the doctrine of res judicata. "Res judicata or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation

of matters that were litigated or could have been litigated in an earlier suit." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986).

Plaintiff filed a lawsuit in this Court against Officers Ken Dixon and Calvin Clark on November 9, 2004. *See Cauley v. Clark*, 5:04-cv-381 (DF) (M.D. Ga. Feb. 16, 2005) ("*Cauley I*"). By order dated March 9, 2005, Judge Duross Fitzpatrick adopted the recommendation of Magistrate Judge Claude W. Hicks, Jr., that plaintiff's complaint be dismissed. The Court concluded that plaintiff's complaint was filed outside the applicable statute of limitations because the arrest, prosecution, and confiscation of property that were the subject of *Cauley I* occurred in 1989.

The dismissal of plaintiff's lawsuit in *Cauley I* based on the statute of limitations constitutes a final judgment on the merits. *See Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir.) ("A ruling based on the statute of limitations is a decision on the merits for res judicata purposes."), *cert. denied*, 409 U.S. 871 (1972). In addition, plaintiff has asserted no new facts in the present case. Therefore, the causes of action in the present and the previous cases are identical. *See NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990) (causes of action identical if they arise out of "the same nucleus of operative fact."). All claims that were raised or could have been raised against the defendants in *Cauley I* are thus barred by res judicata.

That plaintiff adds additional defendants in this action does not compel a different result. A prisoner complaint that merely repeats pending or previously litigated claims, even if filed against new defendants, may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915. *Cf. Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)). Moreover, plaintiff alleges no facts indicating that the State of

Georgia, Governor Sonny Perdue, or the Fort Valley Police Department are proper parties to this action.

## IV. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** as frivolous under 28 U.S.C. § 1915A.

**SO ORDERED**, this 19th day of August, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

cr